## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No.  8:05CV478** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGMENT AND DECREE** |
| | ) | **OF FORECLOSURE** |
| **OLGA OLIVARES,** | ) | **AND ORDER OF SALE** |
| | ) | |
| **Defendant.** | ) | |

This case came on for determination upon the Motion for Default Judgment and the Complaint filed by the Plaintiff, United States of America.  The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for the District.  The Defendant, Olga Olivares, failed to answer or otherwise appear or plead to the allegations contained in the Complaint, and I find that the Defendant is in default in this action.

The Court, having examined the record of these proceedings, and having been fully advised in the premises, also finds that the Court has jurisdiction of these proceedings pursuant to 28 U.S.C. § 1345, that due and legal notice of the pendency of this action has been given to the Defendant, and that the Court has acquired jurisdiction of all the parties.

Given the Defendant's failure to answer or respond, I find that each and all of the allegations of Plaintiff's Complaint are true.  The Plaintiff is entitled to a Decree of Foreclosure in rem and Order of Sale as prayed.

The premises herein described will sell to the best advantage in one entire tract.

As of January 10, 2006, there is due and owing to the Plaintiff from the Defendant the principal sum of $57,893.56, plus accrued interest in the amount of $5,715.48, together with interest accruing at the rate of $10.0659 per day from January 10, 2006, until the date

of entry of this decree, with $7,333.24 interest credit or subsidy subject to recapture. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 4.74 % computed daily and compounded annually until paid in full.

The amount due Plaintiff as stated herein is the first lien on the following described real estate in Scottsbluff County, Nebraska, to-wit:

Lot 10, Block 1, East Portal Village Addition to the City of Scottsbluff, Nebraska, in Scotts Bluff County, Nebraska; according to the recorded plat thereof.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1.      The Motion for Default Judgment (Filing No. 7) is granted;

2.      Judgment in rem is entered against the Defendant and the real estate that is the subject of this action;

3.      The above and foregoing findings are incorporated in this decree by this reference;

4.      If the costs identified below and the amounts identified above are found due and interest thereon be not paid within twenty (20) days of the date of this order, then all equity of redemption in the premises shall be foreclosed and the premises sold as upon execution in one entire tract;

5.      The Plaintiff shall apply for, and the Clerk of the United States District Court shall issue, an Order of Sale;

6.      The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7.      As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8.      Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a.      First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b.      Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c.      Third, to the payment of the costs of the United States Marshal for per diem and special requirements; and

The Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

9.      The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

10.     Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

DATED this 9th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

3